# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on* Friday *the* 27th *day of* June, 2014.

Robert King Via,                                                    Appellant,

  against      Record No. 131574
              Court of Appeals No. 1759-12-1

Commonwealth of Virginia,                                          Appellee.

                                  Upon an appeal from a judgment rendered by the Court of Appeals of Virginia.

Upon consideration of the record, pleadings, briefs and argument of counsel, the Court is of the opinion that there is error in the Court of Appeals' judgment and, for the reasons stated below, we will reverse the judgment of the Court of Appeals.

On September 11, 2010, three masked gunmen entered Frank Auche's residence, detained and threatened the persons in the residence, and robbed Auche. When the police arrived, the gunmen fled. Blood recovered near the crime scene matched a DNA profile for Reginald Jones. When Jones was arrested, he identified Robert King Via, Jr., Samuel Sanchez and a person known as "Carl" as participants in the crime. Via was arrested and indicted for crimes associated with the invasion of Auche's home. Via denied any involvement with the crimes but admitted he knew Jones, Sanchez and Carl Gentline, the person known as "Carl." No forensic evidence connected Via to the crimes.

Sanchez and Gentline both testified at Via's trial. Sanchez testified that he had entered a plea agreement in which he agreed to provide truthful testimony as to any co-defendants who might be

tried. Gentline maintained that, while he drove the getaway car, he did so under duress because he was afraid of the other participants, who were armed. The Commonwealth never charged Gentline with any crimes relating to the invasion of Auche's home. Both Sanchez and Gentline testified that Via participated in the home invasion.

Via proffered the following jury instruction, Jury Instruction A, regarding Gentline's testimony:

> Carl Genteline [sic] has testified that he was an accomplice in the commission of the crimes charged in the indictments. While you may find your verdict upon his uncorroborated testimony, you should consider his testimony with great care and you are cautioned as to the danger of convicting the defendant upon the uncorroborated testimony of an accomplice. Nevertheless, if you are satisfied from the evidence of the guilt of the defendant beyond a reasonable doubt, the defendant may be convicted upon the uncorroborated evidence of an accomplice.

Although the trial court granted a similar instruction regarding Sanchez' testimony, it refused Jury Instruction A because the court did "not think Mr. Gentline meets the test of an accomplice." A jury convicted Via of all crimes charged, except one, and sentenced him to 128 years and one day imprisonment.

Via appealed his convictions to the Court of Appeals. As relevant here, Via asserted that the trial court erred in refusing Jury Instruction A. Although the question of Gentline's status as an accomplice was inherent in this assignment of error, the Court of Appeals did not address that issue directly. Rather, the Court of Appeals, in a per curiam opinion, affirmed the trial court's refusal of the proposed jury instruction, stating that

2

> [e]ven if Gentline was considered an accomplice to the crimes, his testimony was corroborated by that of Sanchez, who admitted that he, appellant, and Jones were the three men who entered Auche's home and threatened those inside at gunpoint.

Via v. Commonwealth, Record No. 1759-12-1, slip op. at 3 (May 22, 2013)(footnote omitted). Via appealed from the Court of Appeals' judgment, asserting, inter alia, that the Court of Appeals erred in affirming the trial court's refusal of Jury Instruction A and in ruling that Sanchez' testimony corroborated Gentline's testimony.

The parties do not dispute that Jury Instruction A correctly states the law and should be given if a witness whose testimony is at issue is an accomplice and if his or her testimony is uncorroborated. Jones v. Commonwealth, 111 Va. 862, 868, 69 S.E. 953, 955 (1911). The test for whether a witness is an accomplice is "whether he could be indicted for the same offense." Guthrie v. Commonwealth, 171 Va. 461, 469, 198 S.E. 481, 484 (1938). Whether accomplice testimony is corroborated is subject to the long established principle that accomplice testimony cannot be corroborated by the testimony of another accomplice. Jones, 111 Va. at 868, 69 S.E. at 955.

In this case, Gentline qualified as an accomplice because, by his own admission, he drove the getaway car and, therefore, could have been indicted for the same offense. See, e.g., Grant v. Commonwealth, 216 Va. 166, 168-69, 217 S.E.2d 806, 808 (1975)(finding driver of getaway car a principal in the second degree). Neither the fact that he was not charged with any crime relating to the home invasion, nor the Commonwealth's claim that he lacked criminal intent are relevant to determining whether Gentline

3

could have been indicted for the offenses associated with the home invasion. Gentline's testimony, therefore, required corroboration. However, none of the evidence produced by the Commonwealth corroborated Gentline's testimony. Furthermore, contrary to the Court of Appeals' holding, Sanchez' testimony could not corroborate Gentline's testimony because Sanchez was also an accomplice. Jones, 111 Va. at 868, 69 S.E. at 955. Because Gentline was an accomplice and his testimony was not corroborated, the trial court abused its discretion in refusing Jury Instruction A and the Court of Appeals' judgment affirming the trial court's refusal to grant Jury Instruction A was error.

Accordingly, the judgment of the Court of Appeals is reversed, the convictions and sentences vacated, and the case is remanded for further prosecution as the Commonwealth may see fit.

Justice Millette took no part in the consideration of this case.

This order shall be published in the Virginia Reports and shall be certified to the Court of Appeals of Virginia and to the Circuit Court of the City of Hampton.

A Copy,

Teste: *Pat L Harrington*

Clerk

4